# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. BRIAN A. FOLEY, <br><br> *Plaintiffs and Relators,* <br><br> v. <br><br> DR. JOHN W. MITCHELL; THE HEART CENTER CARDIOLOGY, PC, et al., <br><br> *Defendants.* | Case No. 3:14-cv-135-RCL |

## MEMORANDUM ORDER

On November 18, 2019, this Court ordered Dr. Mitchell and The Heart Center Cardiology, P.C. ("THC") to pay $7,707.84 in attorneys' fees and $333.18 in expenses for a total of $8,041.02. ECF No. 87. The Court also granted Dr. Foley leave to file a subsequent fees-on-fees petition. *Id.* On November 22, 2019, Dr. Mitchell and THC filed a Motion to Clarify Memorandum Opinion, Correct Record, and Vacate Portion of Order Granting Leave to File Subsequent Fee Petition. ECF No. 88. Dr. Foley then filed a notice stating that he was withdrawing his request to file a fees-on-fees petition and was satisfied with the amount the Court had already awarded. ECF No. 89.

Dr. Foley's notice of withdrawal clearly moots the portion of defendants' motion seeking to vacate the order granting leave to file a subsequent fee petition. The Court will therefore not discuss anything in defendants' motion related to the fees-on-fees petition, including the factual dispute regarding settlement negotiations.

1

As for the portion of defendants' motion seeking to clarify whether they challenged the attorneys' hourly rates, the Court finds that Dr. Mitchell and THC impliedly challenged the hourly rates, even if they did not do so directly. Defendants dedicated an entire page of their opposition to explaining why the plaintiffs' attorneys' resumes and credentials were irrelevant. Defendants stated, "Certainly none of their multimillion dollar successes in other cases are relevant to whether the very modest result obtained by the Relator against Dr. Mitchell in this case . . . is worthy of the requested fee." ECF No. 80 at 23. The Court viewed this statement as at least partially addressing whether Dr. Foley's attorneys were worthy of the hourly rates that they charged based on the outcome of the underlying case. Defendants now claim that they "elected *not* to contest the reasonableness of the rates submitted by [Dr. Foley's] attorneys." ECF No. 88 at 4. In their opposition to the request for fees, however, they never explicitly stated that they were not contesting the reasonableness of the rates. Therefore, the Court rightfully took some of their arguments to be about the Dr. Foley's attorneys' hourly rates.

Finally, defendants ask the Court to clarify the sentence in its Memorandum Opinion which reads in relevant part, "[T]his Court is unconvinced by defendants' contention that 'neither the government nor relator were the prevailing party in the criminal case.'" ECF No. 81 at 7-8 (citing ECF No. 81-1 at 6). The Court agrees that this sentence was supposed to refer to the underlying civil case, not the criminal case. The Court never intended to express an opinion one way or another on the outcome of the criminal case against Dr. Mitchell.

For the aforementioned reasons, Defendants' Motion to Clarify Memorandum Opinion, Correct Record, and Vacate Portion of Order Granting Leave to File Subsequent Fee Petition is **GRANTED IN PART AND DENIED IN PART**.

It is **ORDERED** that the Motion to Vacate Portion of Order Granting Leave to File Subsequent Fee Petition is **DENIED** as moot.

It is further **ORDERED** that the Motion to Clarify Memorandum Opinion and Correct Record with respect to whether defendants challenged the hourly rate is **DENIED**.

It is further **ORDERED** that the Motion to Clarify Memorandum Opinion and Correct Record with respect to the criminal case against Dr. Mitchell is **GRANTED**.

Date: 12/20/19

Royce C. Lamberth
United States District Court Judge